UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS PEPE,
    Plaintiff,

vs.                                        Case No.: 3:25cv707/TKW/ZCB

JUDGE JOSEPH FULLER,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis* has filed a civil rights complaint. (Docs. 1, 6). Upon review of the complaint, it is apparent that this case is subject to dismissal because Plaintiff is seeking monetary relief against an immune Defendant.[1]

---

[1] The Court notes that Plaintiff has filed at least seven other cases over the past month against multiple judges and others involved in his probate and civil proceedings in state court. *See* Doc. 1, 3:25cv565; Doc. 1, 3:25cv644; Doc. 1, 3:25cv645; Doc. 1, 3:25cv665; Doc. 1, 3:25cv666; Doc. 1, 3:25cv667; Doc. 1, 3:25cv709. **Plaintiff is warned that his ability to file cases in this Court may be restricted if he continues filing multiple, meritless lawsuits against anyone and everyone connected to his state court proceedings.** *See Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) ("The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others. [Thus, a plaintiff] can be severely restricted as to what he may file and how he must behave in his applications for judicial relief."); *see also Makere v. Fitzpatrick*, No. 4:22cv315/RH/ZCB,

## I. Background

This is yet another attempt by Plaintiff to sue a judge involved in Plaintiff's state court proceedings.[2] Plaintiff alleges that Defendant—a state circuit judge in Fort Myers, Florida—committed judicial misconduct in state court proceedings. (Doc. 1 at 1-2). Plaintiff states that Defendant "acted outside his judicial capacity and in concert with others . . . to deprive Plaintiff of due process, fair trial rights, and access to justice." (*Id.* at 2). Plaintiff asserts that Defendant "allowed fraudulent filings, refused to acknowledge jurisdictional objections, and enabled cover-ups of probate and civil misconduct . . . ." (*Id.*). Plaintiff claims "Violation of Civil Rights (42 U.S.C. § 1983)," "Abuse of Process," "Denial of Due Process," and "RICO Violations (18 U.S.C. § 1962)." (*Id.*). Plaintiff seeks $125 million in punitive damages and $75 million in compensatory damages. (*Id.*).

## II. Legal Standard

"By moving to proceed *in forma pauperis*, [Plaintiff] has invoked the screening provisions of 28 U.S.C. § 1915(e)(2)(B)." *Leiphart v. Warrick*,

---

2023 WL 3010539, at *1 (N.D. Fla. Mar. 22, 2023) (imposing filing restrictions against *pro se* plaintiff).
[2] *See supra* note 1.

No. 3:25cv547-TKW-HTC, 2025 WL 1372421, at *1 (N.D. Fla. Apr. 29, 2025), *adopted*, 2025 WL 1372849 (N.D. Fla. May 12, 2025). Under § 1915(e)(2)(B)(iii), the Court must dismiss Plaintiff's complaint if it seeks monetary relief from an immune defendant.

### III. Discussion

Plaintiff's complaint is subject to dismissal under § 1915(e)(2)(B)(iii) because it seeks monetary relief from a Defendant who is immune. More specifically, Plaintiff seeks damages from a state judge who has been sued for conduct undertaken in his judicial capacity.

Judges are entitled to absolute judicial immunity from money damages for acts taken in their judicial capacities unless they acted "in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (cleaned up). "A judge's motivation is irrelevant to determining whether his act was judicial" and the "judge enjoys absolute immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018). Whether a judge's actions were made while acting in a judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events

3

occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

Here, "[t]he conduct of which [P]laintiff complains"—Defendant's presiding over, and making decisions in, Plaintiff's civil and probate proceedings in state court—"is a function normally performed by a judge."[3] *Clark v. Duncan*, No. 3:17cv428-MCR-CJK, 2017 WL 3758980, *2 (N.D. Fla. Aug. 4, 2017), *adopted*, 2017 WL 3749835 (N.D. Fla. Aug. 30, 2017). And Plaintiff has failed to show that Defendant was "plausibly acting in the clear absence of all jurisdiction." *Austin v. Mullins*, No. 24-14271-CIV, 2024 WL 4502258, at *2 (S.D. Fla. Sept. 10, 2024) (cleaned up). Although Plaintiff has stated in conclusory fashion that Defendant "acted outside his judicial capacity" (Doc. 1 at 2), such a conclusory allegation is insufficient to defeat judicial immunity. *See Waterfield v. Law*, 546 F. App'x 841, 843 (11th Cir. 2013) (affirming dismissal based

---

[3] *See* Fla. Stat. § 26.012(1)-(2) (establishing the jurisdiction of Florida Circuit Courts and providing exclusive original jurisdiction over "proceedings relating to the settlement of the estates of decedents . . . and other jurisdiction usually pertaining to courts of probate").

4

on judicial immunity and explaining that the plaintiff's "conclusory allegations" that the defendants "acted without subject matter jurisdiction . . . did not establish that they acted in clear absence of jurisdiction").

It is also apparent that Plaintiff's claims against Defendant, "even if amended, would still be barred by judicial immunity, and, thus, any amendment would [be] futile." *Austin v. McCann*, No. 22-13157, 2023 WL 3335312, at *3 (11th Cir. May 10, 2023). The complaint, therefore, should be dismissed with no opportunity to amend. *See Pepe v. Judge Cynthia Pivachek*, No. 3:25-CV-667-TKW-ZCB, 2025 WL 1507016, at *1 (N.D. Fla. May 27, 2025) (dismissing suit against state judge with prejudice and allowing no opportunity to file an amended complaint).

### III.  Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that this case be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(iii) because Defendant is entitled to absolute judicial immunity. The Clerk of Court should be directed to close this case.

At Pensacola, Florida this 30th day of May 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho

5

United States Magistrate Judge

**Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.